**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 25 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HORTENSIA PETRACHE,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 21-417<br><br>Agency No.<br>A200-231-921<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 18, 2025**

Before:    SILVERMAN, WARDLAW, and DESAI, Circuit Judges.

Hortensia Petrache, a native and citizen of Romania, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order summarily dismissing

her appeal from an immigration judge's decision denying her motion to reopen

removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We grant the

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

petition for review and remand.

While this petition was pending, the BIA overruled its longstanding position that the notice of appeal deadline in 8 C.F.R. § 1003.38(b) is jurisdictional and held that the deadline is subject to equitable tolling if a noncitizen establishes that they have been "pursuing their rights diligently" and that "some extraordinary circumstance prevented timely filing." *Matter of Morales-Morales*, 28 I. & N. Dec. 714, 716-17 (BIA 2023). The BIA has not yet considered whether Petrache can establish that equitably tolling should apply. We therefore remand for the BIA to consider equitable tolling in the first instance. *See INS v. Orlando Ventura*, 537 U.S. 12, 16-18 (2002); *see also Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 896 (9th Cir. 2021) (exhaustion not required where resort to the agency would be futile).

The motion for a stay of removal is granted. The stay of removal remains in place until the mandate issues.

Each party must bear its own costs for this petition for review.

**PETITION FOR REVIEW GRANTED; REMANDED.**